IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20145
Summary Calendar
_____

SIMON SMALLWOOD,

Plaintiff-Appellant,

versus

Dr. CHARLES ALEXANDER, ET. AL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-92-588)

_____

(September 27, 1995)

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Appellant Simon Smallwood is incarcerated within the Texas
Department of Criminal Justice.  Mr. Smallwood filed this action
pro se and in forma pauperis under 42 U.S.C. § 1983 (1988)
alleging that certain TDCJ employees had violated the Eighth
Amendment by responding with deliberate indifference to his
urgent need for medical care.  With leave of the district court,
Mr. Smallwood later amended his complaint to allege that TDCJ
officials had reacted to his lawsuit by retaliating against him

_____

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

in violation of his right of access to the courts. The district court dismissed most of the deliberate indifference claims during a hearing held pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), deeming them frivolous under 28 U.S.C. § 1915(d) (1988). It allowed the remaining Eighth Amendment and retaliation claims to go forward and invited the state to file for summary judgment. The state's subsequent motion for summary judgment was granted, and this appeal followed. We affirm in part, reverse in part, and remand.

I. Deliberate Indifference

The facts underlying Mr. Smallwood's claims of deliberate indifference are simple. On the evening of October 17, 1991, Mr. Smallwood suffered complications from prostate surgery performed one week earlier. The complications took the form of the presence of blood in his urine and shortly thereafter a total inability to void because of a blood clot. Because of the intervention of Sergeant Franshaw, Mr. Smallwood went to the medical facility of his prison wing and was examined by a nurse. The nurse spoke to a doctor by phone, then told Mr. Smallwood to drink fluids to increase bladder pressure in order to force out the clot. After three or more painful hours in which this treatment proved ineffective, Mr. Smallwood was taken to John Sealy Hospital to receive catheterization, which relieved his condition. Mr. Smallwood alleges that the medical staff showed deliberate indifference to his medical needs by allowing him to remain in pain for several hours before implementing effective

2

treatment, by tolerating diagnoses by telephone, by giving nurses too much discretion to refuse access to the hospital, and by assigning a Certified Medical Assistant instead of a Registered Nurse or a doctor to treat inmates after hours.

We review the district court's dismissals under § 1915(d) for abuse of discretion, <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992), and its grant of summary judgment to the defendants de novo.  We affirm the district court's actions.

The facts that Mr. Smallwood alleges will not support a finding of deliberate indifference.  In <u>Farmer v. Brennan</u>, 114 S. Ct. 1970, 1980 (1994), the Supreme Court adopted "subjective recklessness as used in the criminal law" as the proper standard for deliberate indifference under the Eighth Amendment. Unreasonable and unexplained delay in affording medical care to obvious infirmities may constitute deliberate indifference. <u>Brown v. Hughes</u>, 894 F.2d 1533, 1538 (11th Cir.), <u>cert. denied</u>, 496 U.S. 928 (1990); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1296 (4th Cir. 1978), <u>cert. denied</u>, 446 U.S. 928 (1980).  Nevertheless, "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation."  <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1035 (11th Cir. 1989).

In this case, Mr. Smallwood received treatment in the form of a recommendation for increased fluid intake shortly after complaining of his bladder difficulty.  When that method proved ineffective, he was taken to the hospital to receive effective treatment.  Mr. Smallwood's complaint that the recommendation for

increase fluid was the short and easy way to avoid a problem supports at most an inference of negligence and is therefore insufficient under Farmer. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). For similar reasons, we hold that the district court properly disposed of Mr. Smallwood's claims regarding inadequate medical staffing and dependence on telephone communications. Mr. Smallwood has failed to state any facts supporting the inference that medical staff were subjectively reckless with respect to risks to inmate health.[1]

II. Retaliation

The facts underlying Mr. Smallwood's claim of retaliation are complicated and difficult to discern from the incomplete record before us. Mr. Smallwood alleges that TDCJ officials retaliated against his filing of a § 1983 complaint by failing to provide him medically required special transportation to John Sealy Hospital, by transferring him to a work assignment that aggravated his painful leg condition, and by refusing to allow him to return to "trusty" housing. Reviewing de novo the district court's grant of summary judgment to the Texas defendants, we hold that the court properly dismissed Mr. Smallwood's claim of retaliation in the form of refusal of special transportation, but that the intent of those officials responsible for Mr. Smallwood's housing and job transfers

---

[1] Given our view that the facts alleged by Mr. Smallwood will not support an Eighth Amendment claim, we also affirm the district court's dismissal of his requests for declaratory and injunctive relief.

constituted a genuine issue of material fact entitling Mr. Smallwood to a ruling from a finder of fact.  We therefore reverse the grant of summary judgment to defendants Brewer, Adams, and Williams, and remand for further proceedings.

"The law of this circuit is clearly established . . . that a prison official may not retaliate against or harass an inmate for exercising the right of access to the courts . . . ."  Woods v. Smith, 60 F.3d 1161, No. 94-30040, 1995 U.S. App. LEXIS 22122, at * 8 (5th Cir. August 15, 1995).  A retaliation claim focuses not on the particular action taken but on the motive of the prison official.  Otherwise lawful and mundane prison administration decisions become actionable under § 1983 if motivated by a desire to retaliate.  Id. at * 11; Jackson v. Cain, 864 F.2d 1235, 1248 n.3 (5th Cir. 1989) (holding that a job transfer decision "may be arbitrary, but it may not be retaliatory against [the prisoner's] exercise of constitutional rights").  While mere conclusory allegations of retaliation are insufficient, a prisoner may proceed by alleging "`a chronology of events from which retaliation may be plausibly inferred.'"  Woods, at * 15 (quoting Cane v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

With respect to the transportation issue, Mr. Smallwood admits that defendant Brewer's failure to provide special transportation was not intentional.  If the failure was not intentional, it could not have been retaliatory.  The district court correctly granted summary judgment on the transportation claim.

5

Mr. Smallwood's job and housing claims are a different matter. On both subjects, the district court failed to consider the possibility that the defendants' proffered explanations were pretextual. Although Mr. Smallwood did not mention the word "pretext" in his briefs to either the court below or to this court, he repeatedly pointed out facts inconsistent with the defendants' explanations for his job and housing transfers. Remembering that Mr. Smallwood is proceeding pro se, we construe his recitation of these facts as an argument that the defendants made decisions designed to punish him for filing a lawsuit and offered pretextual reasons for these decisions. Our review of the record before us persuades us that a rational jury could agree.

Regarding the job transfer, the defendants explained that they switched Mr. Smallwood from his job as a kitchen worker to one as a porter on sanitary grounds, pointing out that Mr. Smallwood's incontinence required him to wear an adult diaper. Mr. Smallwood responds, however, that before filing suit he had worked a significant length of time in the identical kitchen position while wearing the adult diaper. He also questions the veracity of the sanitation rationale when his new job requires him to wash flatware, cups, plates, and other eating implements. Finally, he highlights that he received the sanitation explanation from defendant Adams shortly after a different prison official had assured him that he would be able to return to his kitchen job, implying that Adams persuaded this official to

6

change his mind. Mr. Smallwood would support these allegations with his own testimony at a trial. A rationale jury could infer from this chain of events that the defendants' proffered reasons for the job transfer were pretextual.

The allegation of a retaliatory housing transfer is a closer question, but we reach the same conclusion. In response to Mr. Smallwood's initial I-60 complaint form, defendant Brewer explained that Mr. Smallwood had not returned from A-Wing to trusty housing on L-Wing because he was physically unable to ride the normal bus to the hospital for follow-up treatment. Mr. Smallwood responds that several of the trips he did make from A-Wing were in the normal bus. To avoid the necessity of these painful bus rides, Mr. Smallwood requested a transfer to Southern Regional Unit, a facility closer to the hospital. Prison official Zeller responded that there was no medical need for such a transfer. In the midst of Mr. Smallwood's internal appeal, Assistant Warden Pierson explained the housing transfer on the grounds that Mr. Smallwood could not live on L-Wing because he was taking Elavil. There was also testimony to this effect at the Spears hearing. In response, Mr. Smallwood testified at the Spears hearing that he had been receiving the drug regularly on L-Wing without problems before filing his lawsuit. The district court ultimately rested its grant of summary judgment on the grounds that prison regulations prohibited an inmate with a "PULHES designation" of 3 from living on L-Wing, and that Mr. Smallwood admitted that his PULHES designation was 3. But the

7

defendants' own evidence proves that Mr. Smallwood has held this designation since 1990, and Mr. Smallwood's Spears hearing testimony establishes that he lived on L-Wing from sometime after 1990 until he filed his lawsuit without incident.  Under these facts, a rationale jury could disregard the defendants' medical justifications as a pretext for a retaliatory motive.

We reiterate that a retaliation suit focuses not on whether the defendants had legally sufficient grounds to justify a particular action, but on the defendants' motive.  Even the action to correct a clear violation of a mandatory prison regulation, if effectuated for an illicit purpose, triggers liability under § 1983.  Determining an particular official's motive at a particular time may require inferences from the evidence.  We hold that a rational jury could reasonably infer a retaliatory motive from the chain of events that Mr. Smallwood alleges.[2]

We remand the retaliation claims for further proceedings. Given our holding on this issue, and the state of the record before us, we are uncertain as to the proper disposition of Mr. Smallwood's appeal from the district court's rulings regarding his requests to amend his complaint to add prison official

---

[2]  The defendants remind us of our discretion to affirm the judgment below on any legal grounds supported by the record.  In their brief, however, the defendants provide no legal argument at all on Mr. Smallwood's retaliation claims.  Under these circumstances, we limit our review to the grounds relied upon below.

8

Bachman as a defendant[3] and to compel the production of certain records.  We vacate the decisions of the district court of these issues and remand for further consideration in light of our opinion.

AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.

---

[3]  On the amendment issue, we note that a prison official violates the law if he retaliates against a prisoner for filing suit against a colleague.  Thus, the fact that Mr. Bachman was not a defendant in the initial Eighth Amendment suit does not necessarily mean that he did not act with illicit motive.